JEFFREY R. TOWNSEND, ISB #7647
CRAIG SWAPP & ASSOCIATES
3071 E. Franklin Road, #302
Meridian, ID 83642
Telephone: (208) 331-0167
Facsimile: (208) 375-2005
E-mail: jeff.townsend@craigswapp.com

HUMBERTO M. GUIZAR, ESQ.,
THE LAW OFFICES OF HUMBERTO GUIZAR
A PROFESSIONAL CORPORATION
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101
E-mail: hguizar@ghclegal.com
*(seeking admission Pro Hac Vice)*

Christian Contreras, Esq.
LAW OFFICES OF CHRISTIAN CONTRERAS
PROFESSIONAL LAW CORPORATION
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
E-mail: CC@Contreras-Law.com
*(seeking admission Pro Hac Vice)*

Attorneys for Plaintiffs, RUBY REYES, PEARL REYES, and NORMA OCHOA, GUADIAN AD LITEM for MINOR VR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RUBY REYES, PEARL REYES, and NORMA OCHOA, GUARDIAN AD LITEM for MINOR VR, <br><br> PLAINTIFF, <br><br> vs. <br><br> CITY OF BOISE; Officer BRADY STRODTBECK, and DOES 1-10 <br><br> DEFENDANTS. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is a wrongful death lawsuit stemming from the shooting death of GUADALUPE REYES on November 20. 2024 in Boise, Idaho by Boise Police Department Officer BRADY STRODTBECK.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper within the Idaho District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

## PARTIES

4. Plaintiffs RUBY REYES, and PEARL REYES, are the natural children of decedent GUADLUPE REYES, and bring this lawsuit individually, and as successors in interest to decedent GUADALUPE REYES.

5. Plaintiff VR, is a Minor and the natural child of decedent GUADALUPE REYES, VR and is represented in this action by her mother and GUARDIAN NORMA OCHOA.

6. Defendant CITY OF BOISE (hereinafter sometimes "CITY") is municipal entity of the State of Idaho with the capacity to sue and be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its officers, and its agents and employees. At all times relevant to the facts alleged herein, Defendant CITY was responsible for the acts and omission of Defendants Officer BRADY STRODTBECK and DOES 1-10.

7. Officer BRADY STRODTBECK and DOES 1-10 were employees of the CITY. At all times relevant, Officer BRADY STRODTBECK and DOES 1-10 were an employee and/or agent of Defendant CITY and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, as well as under the color of the statutes and regulations of the State of Idaho.

8. The true names of defendants Does 1 Through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have

Complaint for Damages – Demand for Jury Trial pg. 2

been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

9. At all times relevant to the facts alleged herein, Officer BRADY STRODTBECK and DOES 1-10, are duly appointed, qualified and acting officers, employees, and/or agents of CITY, employed as such by Defendants, and acting within the course and scope of their employment and/or agency and under color of state law. Each of the Defendants and Doe Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision, security, training, compliance with responsibilities and duties, and staffing; by failing to maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, and employees under their direction and control.

10. Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiff will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

11. Whenever and wherever reference is made in this Complaint to any act by Defendants and Doe Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally

## GENERAL ALLEGATIONS

12. On November 20. 2024, decedent GUADALUPE REYES, called his daughter, Plaintiff Ruby Reyes wherein he communicated statements that exhibited a mental crisis. Therefore, on said date Plaintiff Ruby Reyes called 911 to seek intervention and help for her father. During her 911 call she was connected to Boise PD. Plaintiff Ruby Reyes was on the phone with decedent for two hours when Boise PD asked her to disconnect the call so the Boise Crisis Intervention team could contact and negotiate with decedent GUADALUPE REYES.

13. The Boise Police Department had notice that GUADALUPE REYES was having mental health crisis before defendant BRADY STRODTBEC had an interaction with decedent.

14. Officer BRADY STRODTBECK and DOES 1-10 contacted decedent at 1325 N. Hartman St., Apt. N2, Boise Idaho. When Officer BRADY STRODTBECK and DOES 1-10 inclusive, located GUADALUPE REYES, he was holding a knife and not harming anyone, not threatening to harm anyone, nor doing anything which caused the officers to reasonably believe that GUADALUPE REYES was a threat to the officers or a member of the public.

15. Instead of establishing a perimeter or having a tactical plan as to how to approach REYES, Officer BRADY STRODTBECK and DOES 1-10 inclusive, rushed into the situation contrary to their training and contrary to standard police practices.

16. When Officer BRADY STRODTBECK and DOES 1-10 inclusive, rushed to attack REYES, there was no exigent circumstance nor any other reasonable reason to rush in.

17. Time was on the side of Officer BRADY STRODTBECK and DOES 1-10 inclusive.

18. As Officer BRADY STRODTBECK and DOES 1-10 inclusive, rushed REYES, REYES does not immediately submit to the officers.

19. Instead of showing a reverence to the human life of REYES, Defendants Officer BRADY STRODTBECK and DOES 1-10 opened fire on REYES and killed REYES.

20. Defendants Officer BRADY STRODTBECK and DOES 1-10 shot GUADALUPE REYES several times.

21. Defendants Officer BRADY STRODTBECK and DOES 1-10 shot and killed a man who was experiencing a mental health crisis in violation of their training and in violation of REYES's right to be free from unreasonable seizures.

## FIRST CLAIM FOR RELIEF
## EXCESSIVE FORCE IN VIOLATION
## OF THE FOURTH AMENDMENT (42 USC 1983)
### (Plaintiff, as successor in interest, Against Defendants
### Officer BRADY STRODTBECK and DOES 1-10)

22. Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

23. Under the Fourth Amendment of the United States Constitution, GUADALUPE REYES had a right to be free from unreasonable searches and seizures.

24. Defendants Officer BRADY STRODTBECK and DOES 1-10 used excessive force against REYES by unnecessarily and unreasonably shooting him, while acting under color of law, and in clear and well-established violation of the Fourth Amendment to the United States Constitution.

25. Defendants Officer BRADY STRODTBECK and DOES 1-10 violated REYES's Fourth Amendment rights when they used his firearm, deadly force, in a reckless way, and with willful and conscious disregard, when they shot REYES, a young man who posed no threat of harm to Officer BRADY STRODTBECK and DOES 1-10 inclusive, at the time he was shot. Such use of deadly force by Officer BRADY STRODTBECK and DOES 1-10 inclusive was clearly unreasonable, not warranted under the totality of the circumstances, and lead to the shooting and killing of REYES.

26. Under the same or similar circumstances, no reasonable officer would have used force of the manner and to the extent as that used by Defendants against REYES. REYES was not an imminent threat of death or serious bodily injury to any officers or anyone else.

27. Accordingly, Plaintiffs RUBY REYES et al., as successors-in-interest to REYES, claims damages under 42 U.S.C. § 1988 for REYES's loss of value of life, pre-death human suffering, and all attorneys' fees and costs yet incurred and yet to be incurred by Plaintiffs RUBY REYES et al., in presenting, maintaining, and prosecuting this action, under 42 U.S.C. § 1988.

28. Further, the conduct of Defendants Officer BRADY STRODTBECK and DOES 1-10 willful, and conscious disregard of REYES's rights and safety subjected him to cruel and unjust hardship in the moments leading up to and including his death. Therefore, Defendants' conduct also amounted to a malicious and/or oppressive for which Plaintiffs RUBY REYES et al., is further entitled to recover punitive damages.

## SECOND CLAIM FOR RELIEF
## FOR VIOLATION OF FOURTEENTH AMENDMENT (DUE PROCESS) - INTERFERENCE WITH FAMILIAL RELATIONSHIP
## (42 U.S.C. § 1983)
### (Plaintiff, RUBY REYES et al., Against Defendants BRADY STRODTBECK AND DOES 1-10 ; and DOES 1-10)

29. Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

30. The Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable state interference in their familial relations. Indeed, the Plaintiffs RUBY REYES ET A.L, each have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property including the right of familial relationship in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of Plaintiffs or by committing such violation with a purpose to harm unrelated to any legitimate law enforcement objective.

31. As described in the previous claim for relief, the shooting and killing of GUADALUPE REYES was objectively unreasonable under the circumstances of his encounter with defendants BRADY STRODTBECK and DOES 1-10, and in violation of constitutional limits on use of deadly force by police. Therefore, defendants BRADY STRODTBECK and DOES 1-10, acted with deliberate indifference to the rights, safety, and wellbeing of Decedent GUADALUPE REYES and his family, or, acted with a purpose to harm unrelated to any legitimate law enforcement objective when they shot GUADALUP REYES multiple times, causing his death.

32. Due directly to the Defendants' conduct which shocks the conscience, REYES was shot and killed during a mental health crisis and was unarmed. Accordingly, Defendants, and each of them, directly and proximately caused GUADALUPE REYES's death. Additionally,

GUADALUPE REYES was caused to needlessly suffer severe physical, psychological, and emotional pain and suffering in the moments leading up to his death, for which Plaintiffs RUBY REYES et al., are entitled to recover damages.

33. Therefore, the shooting and killing of GUADALUPE REYES by BRADY STRODTBECK and DOES 1-10 , inclusive, shocks the conscience and has destroyed his familial relationship between Plaintiffs RUBY REYES et al., and REYES further causing Plaintiff to permanently suffer the loss of his companionship, society, and material and moral support. The shooting and killing of GUADALUPE REYES by BRADY STRODTBECK and DOES 1-10, violated the rights of Plaintiff to be free from unreasonable state interference in their relationship with REYES, who was Plaintiffs RUBY REYES et al.,' son.

34. Accordingly, Plaintiffs RUBY REYES et al., as successors-in-interest to GUADALUPE REYES, claim damages under 42 U.S.C. § 1988 for REYES's loss of value of life, pre-death human suffering, and all attorneys' fees and costs yet incurred and yet to be incurred by Plaintiffs RUBY REYES et al., in presenting, maintaining, and prosecuting this action, under 42 U.S.C. § 1988.

35. Further, the conduct of Defendants Officer BRADY STRODTBECK and DOES 1-10, was willful, and done in conscious disregard of GUADALUPE REYES's rights and safety subjected him to cruel and unjust hardship in the moments leading up to and including his death. Therefore, Defendants' conduct also amounted to a malicious and/or oppressive for which Plaintiffs RUBY REYES et al., are further entitled to recover punitive damages.

### THIRD CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY
### (42 U.S.C. § 1983)

**(Plaintiff, as successor in interest, Against Defendants CITY and DOES 1-10)**

36. Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

37. The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant CITY is liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's constitutional violations.

38. At all relevant times, BRADY STRODTBECK and DOES 1-10, were acting in the course of their employment with the Defendant CITY, under color of law. The actions and omissions of BRADY STRODTBECK and DOES 1-10 of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant claims for relief herein.

39. Defendant CITY was and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of Idaho. Defendant CITY, and its police department, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of arrest by its rank and file, generally.

40. At all times herein mentioned, BRADY STRODTBECK and DOES 1-10, were employees of the CITY acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for failing to protect citizens in custody, failing to provide safe conditions of confinement, dishonesty, cover-up, bias, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

41. On and for some time prior to November 20, 2024 (and continuing to the present date), Defendant CITY and its police department, acting with deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in Decedent REYES's class, situation, and comparable position, knowingly maintained, enforced, and/or adopted policies, customs, and/or practices of:

A. Encouraging, accommodating, or ratifying conduct of officers such as Defendants Officer BRADY STRODTBECK and DOES 1-10 , inclusive in failing to contact individuals, such as REYES, in the proper manner during a mental health crisis;

B. Encouraging, accommodating, or ratifying shooting of individuals who are unarmed, or the like, despite such individuals not presenting a threat of death or serious bodily injury;

C. Encouraging, accommodating, or ratifying shooting of individuals after a perceived threat has been neutralized;

D. Encouraging, accommodating, or ratifying the shooting of residents as a first resort, instead of using less than lethal force options;

E. Encouraging, accommodating, or ratifying the use of excessive and unreasonable force, including deadly force instead of using less than lethal force options;

F. Encouraging, accommodating, or facilitating a "code of silence" among Boise Police Department officers/supervisors, pursuant to which false reports are generated, and excessive and unreasonable uses force are covered up or overlooked;

G. Inadequately supervising, training, and disciplining Boise Police Department police officers, including Defendants Officer BRADY STRODTBECK and DOES 1-10;

H. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by Boise Police Department officers;

42. Because of the forgoing policies, customs, and practices, Plaintiffs were subjected to severe physical, psychological, and emotional pain and suffering, as outlined in the claims for relief alleged herein.

43. Plaintiffs are informed and believe and thereon allege that at the time of the aforementioned shooting, and long prior thereto, the CITY, and other supervisory officers thereof, as yet unknown to Plaintiff, failed to properly train, instruct, supervise, investigate, regulate, or discipline BRADY STRODTBECK and DOES 1-10,, inclusive, and each of them. These failures and the aforementioned practices, policies, and customs were the substantial moving forces behind the harm and death of Plaintiff and Decedent, respectively. Clearly, the policies, practices, and customs implemented, maintained, and/or still tolerated by Defendants CITY were affirmatively linked to and were substantial moving forces behind the injuries of Plaintiffs and Decedent.

44. As such, these expressly adopted official policies or widespread, well-known, and longstanding practices or customs constitute standard operating procedures of the defendants CITY, which has resulted in repeated incidents of officer involved shootings and excessive force, against members of the general public. The aforesaid acts and omissions of Defendants were done knowingly, intentionally, depriving Plaintiffs and Decedent of their constitutional rights.

45. Defendants CITY, along with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged

in the paragraphs above. Despite this knowledge, these Defendants condoned, tolerated, and through their actions and inactions did ratify such customs and practices. Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, Decedent, and other individuals similarly situated.

46. Accordingly, Defendants CITY are liable to the respective Plaintiffs as set forth in the causes of action under 42 U.S.C. § 1983 herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

A. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society; moral support; and the loss of relationship with Decedent, including loss of society, familial relationship and companionship in an amount according to proof at the time of trial;

B. For compensatory damages, for survival damages for the mental, physical and emotional pain and suffering of Decedent in an amount according to proof at the time of trial;

C. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

D. For loss of gifts and benefits in an amount according to proof at the time of trial;

E. For Decedent's own pre-death human suffering;

F. For Decedent's own loss of value of life;

G. For punitive damages against the individual defendants in an amount to be proven at trial;

H. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

I. For such further other relief as the Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: October 22, 2025          **CRAIG SWAPP & ASSOCIATES**

       **/s/ Jeffrey Townsend**
       JEFFREY R. TOWNSEND
       Attorney for Plaintiff


**LAW OFFICES OF HUMBERTO GUIZAR, APC**

By:   **/s/ Humberto Guizar**
       HUMBERTO GUIZAR
       Attorney for Plaintiff