UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUBY REYES; PEARL REYES; and NORMA OCHOA, Guardian Ad Litem for Minor VR,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOISE; OFFICER BRADY STRODTBECK; and DOES 1–10,<br><br>Defendants. | Case No. 1:25-cv-00608-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants City of Boise and Officer Brady Strodtbeck's Renewed Motion to Stay (Dkt. 25). Defendants request the Court stay discovery pending resolution of their Motion for Summary Judgment (Dkt. 24), which asserts, among other defenses, qualified immunity. Having reviewed the record and the parties' submissions, the Court finds that oral argument is unnecessary and decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B); Fed. R. Civ. P. 78(b). For the reasons discussed below, the Court grants the motion.

## I. BACKGROUND

This action arises from the November 10, 2024, shooting death of Guadalupe Reyes by Boise Police Officer Brady Strodtbeck. Plaintiffs assert claims under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment, interference with familial relationships in violation of the Fourteenth Amendment, and municipal liability against the City of Boise (Dkt. 1).

Defendants previously moved to stay discovery based on their intention to seek dismissal of Plaintiffs' claims, including on qualified immunity grounds (Dkt. 14). The Court denied that

motion without prejudice (Dkt. 23). Defendants subsequently moved for summary judgment, arguing, among other things, that Officer Strodtbeck is entitled to qualified immunity (Dkt. 24). Defendants now renew their request to stay discovery pending resolution of that motion (Dkt. 25).

Plaintiffs oppose the stay, arguing that qualified immunity is inapplicable because Officer Strodtbeck used excessive force against Reyes and that discovery is necessary to resolve disputed facts concerning the shooting. In their opposition to summary judgment, Plaintiffs also request relief under Rule 56(d) of the Federal Rules of Civil Procedure, asserting they have not had a meaningful opportunity to conduct discovery, including deposing Officer Strodtbeck and obtaining additional evidence concerning the shooting (Dkt. 26 at 28-29).

## II. LEGAL STANDARD

Qualified immunity shields government officials from liability unless a plaintiff proves: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted) (emphasis added).

A qualified immunity analysis consists of two prongs: (1) whether, "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the [defendant's] conduct violated a constitutional right"; and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson v. Callahan*, 555 U.S. 223 (2009). The qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quotation omitted).

"If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598, 118

S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). That said, in some cases "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Id.* at 593 n.14 (citations omitted). While courts have wide discretion in staying discovery and plaintiffs do not have the right to conduct broad discovery in a civil rights action until the immunity issue is decided, they are entitled to conduct limited discovery where discovery can affect the immunity decision. *See Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988). Particularly, plaintiffs may propound discovery "concerning issues that bear upon the qualified immunity defense, such as the actions that the [defendant] official actually took . . . " if such information is unknown to them. *Crawford-El*, 523 U.S. at 599-600.

## III. ANALYSIS

The Court concludes that a stay of discovery is warranted pending resolution of Defendants' Motion for Summary Judgment. Defendants have asserted qualified immunity as a basis for dismissal of Plaintiffs' claims against Officer Strodtbeck. Because qualified immunity protects officials from the burdens of discovery, the Court should determine whether that defense is dispositive before requiring Defendants to engage in further discovery. *Id.* at 598. Further, because Plaintiffs' claims against the City arise from the same underlying incident, allowing broader municipal-liability discovery to proceed while the Court considers the officer's immunity would undermine the purposes of the stay. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).

Plaintiffs argue that discovery is necessary because the parties dispute material facts concerning the shooting. In particular, Plaintiffs challenge Officer Strodtbeck's account of the events immediately preceding his use of deadly force and contend that video evidence contradicts Defendants' characterization of the encounter (Dkt. 26 at 17-18). These arguments concern the merits of Defendants' pending summary judgment motion, including whether qualified immunity

can be resolved on the existing factual record. They do not, standing alone, establish that general discovery must proceed before the Court addresses that motion.

The Court recognizes, however, that discovery may be necessary if resolving qualified immunity requires factual development. Plaintiffs have requested relief under Rule 56(d), asserting they have not had an adequate opportunity to conduct discovery (Dkt. 26 at 28-29). Rule 56(d) requires the nonmoving party to identify the specific facts additional discovery would reveal and explain why those facts would preclude summary judgment. *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Although Plaintiffs' supporting declaration identifies their desire to depose Officer Strodtbeck and conduct additional discovery, it does not adequately explain what specific facts that discovery would establish or how those facts would defeat qualified immunity (Dkt. 26-2 at 2-3). On the present showing, Plaintiffs have not established that broader discovery is necessary before the Court considers Defendants' motion.

Nevertheless, the Court concludes Plaintiffs should have a limited opportunity to supplement the summary judgment record with relevant video evidence before the Court resolves qualified immunity. Plaintiffs have specifically identified video evidence as material to determining the circumstances surrounding the shooting (Dkt. 26 at 17-18). To ensure that the Court considers the relevant evidence, Plaintiffs may supplement their opposition with any additional video evidence they have obtained, together with a memorandum identifying the relevant portions of the footage and explaining their significance to the pending motion. Defendants may respond to that supplemental submission.

This limited supplementation does not require lifting the discovery stay. Nor does it authorize depositions or additional discovery. To the extent Plaintiffs contend that further discovery is necessary to oppose summary judgment, the Court will address that request under

Rule 56(d) upon a sufficiently specific showing identifying the discovery sought and explaining its materiality to resolving qualified immunity.

Accordingly, the Court grants Defendants' motion to stay discovery pending resolution of their Motion for Summary Judgment, subject to further order of the Court. In doing so, the Court expresses no opinion concerning whether Officer Strodtbeck is entitled to qualified immunity or whether Defendants are entitled to summary judgment on any of Plaintiffs' claims.

## IV. ORDER

IT IS ORDERED that:

1. Defendants' Renewed Motion to Stay (Dkt. 25) is **GRANTED**. Discovery is **STAYED** pending resolution of Defendants' Motion for Summary Judgment (Dkt. 24) or further order of the Court.
2. Plaintiffs may supplement their opposition to summary judgment, including their request under Rule 56(d), within **twenty-one (21) days** after entry of this Order. Defendants may file a response to Plaintiffs' supplemental submission within **fourteen (14) days** after its filing.
3. The Court defers any determination concerning whether additional discovery is warranted under Rule 56(d). No further discovery may proceed absent leave of Court.

DATED: November 17, 2026

Amanda K. Brailsford
U.S. District Court Judge